JS 44 (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
GABRIEL E. SALLOUM, M.D., P.A.

## DEFENDANTS
ANTHEM, INC. a Foreign Corporation

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bradley Seldin, 1000 Fifth Street, Suite 200, Miami Beach, FL 33139

Attorneys *(If Known)*
Nina Welch, 100 SE Third Avenue, Suite 2700, Fort Lauderdale, F

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
**Other:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☒ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☒ NO  b) Related Cases ☐ YES ☐ NO
JUDGE: _____  DOCKET NUMBER: _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
ERISA- Plaintiff seeks payment under an ERISA governed health plan
LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ <30000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE: 7/7/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

FOR OFFICE USE ONLY : RECEIPT # _____  AMOUNT _____  IFP _____  JUDGE _____  MAG JUDGE _____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:21cv22456

GABRIEL E. SALLOUM, M.D., P.A.

    Plaintiff,

v.

ANTHEM, INC., a Foreign Corporation

    Defendant.

_____/

### DEFENDANT ANTHEM, INC.'S NOTICE OF REMOVAL

Defendant, Anthem, Inc., pursuant to 28 U.S.C §§ 1331, 1441, and 1446, hereby files this Notice of Removal[1] of the above-captioned matter from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No.: 2021-6205-CC-24. In support, Defendant states as follows:

### I.   State Court Action

Plaintiff, Gabriel E. Salloum, M.D., P.A., initiated an action that is pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, styled *Gabriel E. Salloum, M.D., P.A. v. Anthem, Inc.,* and designated Case No. 2021-6205-CC-24. Plaintiff filed the subject action on or about June 1, 2021.

### II.   Defendant's Receipt of Complaint

Plaintiffs' Complaint in this action was served on Defendant's registered agent on or about June 7, 2021.

---

[1] Defendant files this limited appearance solely to remove this action within the 30-day deadline. Defendant hereby reserves all its defenses, including Plaintiff's standing to bring suit and that the wrong party was named in this action.

### III. Nature of Action

On June 1, 2021, Plaintiff, Gabriel E. Salloum, filed this action against Anthem, Inc.[2] Plaintiff is seeking payment for medical services it provided to K.T. ("Member"), who is a member of an employer-funded, or "self-funded", Group Health Plan ("Plan"). *See* Plan, at 94, attached hereto as **Exhibit 1**. Plaintiff is a non-participating provider under the Plan. However, Plaintiff claims it is a third-party beneficiary of the insurance contract, and therefore is entitled to payment under the Plan. Complaint, ¶7.  Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross Blue Shield entered into an Administrative Services Agreement with the Plan Sponsor and Plan Administrator, CarMax, Inc. to administer certain elements of CarMax, Inc.'s Plan.

### IV. Removal of State Court Action

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant… to the district court of the United States for the district and division embracing the place where such action is pending." To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisite of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.  The statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[2] Plaintiff named and served the wrong entity in the Complaint. The proper entity should have been Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross Blue Shield. Defendant reserves it right to move to dismiss on this ground.

2

As set forth more fully below, the state-law claims in Plaintiff's Complaint are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and therefore, this case is properly removed to this Court under 28 U.S.C. § 1441 because (1) the Removing Defendant have satisfied all procedural requirements for removal and (2) the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

**V.      Federal Question**

The ERISA statutes explicitly reserve jurisdiction for federal district courts. ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) states, in pertinent part, that "state courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section." In addition, "district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." ERISA § 502(f), 29 U.S.C. § 1132(f).

This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because Plaintiff, as a medical provider that is "a non-participating provider," is seeking to recover benefits under a self-funded ERISA Plan. Thus, the claims in Plaintiff's Complaint are completely preempted by ERISA.

    **a.   The Plan at Issue is a Self-Funded Employee Welfare Benefit Plan Governed By ERISA**

"Whether the instant insurance dispute falls within ERISA's preemptive scope depends on whether the insurance policy at issue qualifies as an 'employee benefit plan' for ERISA purposes." *Randol v. Mid-W. Nat. Life Ins. Co. of Tennessee*, 987 F.2d 1547, 1549 (11th Cir. 1993). The statute defines the term "employee benefit plan" as including, *inter alia*, any "employee welfare benefit plan," 29 U.S.C. § 1002(3), which the statute in turn defines as:

3

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer…to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death, or unemployment….

29 U.S.C. § 1002(1)

In *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc), the Eleventh Circuit stated, "a plan, fund or program [exists] under ERISA … if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."

There is no question that the Plan at issue was established by and funded by the Member's employer, CarMax, Inc., for the purpose of providing, *inter alia*, medical benefits. *See generally*, Plan. The class of beneficiaries is composed of CarMax, Inc.'s eligible employees that are enrolled for coverage under the Plan. The Plan sets forth the procedures for receiving benefits. Accordingly, the Plan in question fits within the definition of Section 1002(1), and is therefore, within ERISA's preemptive scope.

### b. Plaintiff's Claim is Completely Preempted by ERISA

Plaintiff's cause of action seeks payment of a claim subject to an ERISA Plan and, therefore, is completely preempted such that the Court has federal question jurisdiction over the action.

Ordinarily, removal may not be accomplished unless the face of the Complaint reveals a federal question. This general rule is known as the "well-pleaded complaint" rule. In ERISA cases "complete" preemption is an exception to the well-pleaded complaint rule. *Conn. State Dental Ass'n. v. Anthem Health Plans, Inc.*, 591 F. 3d 1337, 1344 (11th Cir. 2009). "Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a) which has such

'extraordinary' preemption power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id*. at 1344 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)); *see also Ehlen Floor Covering v. Lamb,* 660 F.3d 1283, 1287 (11th Cir. 2011) ("Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA."). When a "federal statute [such as ERISA] completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004).

> The Supreme Court has set forth the following inquiry for complete preemption:
>
> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Davila*, 542 U.S. at 210.

"The *Davila* test thus requires two inquiries: (1) whether the plaintiff could have brought its claim under § 502(a) [of ERISA]; and (2) whether no other legal duty supports the plaintiff's claim." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1345 (11th Cir. 2009).

With respect to the first inquiry, if Plaintiff is correct that it is a beneficiary of the Plan, which Anthem disputes, then Plaintiff could have brought its claim under § 502(a). Healthcare providers typically are not considered beneficiaries and therefore have no standing to sue under ERISA. *See Borrero v. United HealthCare of New York, Inc.,* 610 F.3d 1296, 1301 (11th Cir. 2010). However, providers may have standing if they attempt to "derivatively assert the rights of

5

their patients as beneficiaries of an ERISA plan." *Id*. Here, Plaintiff pleads that it "is a third-party beneficiary of the insurance contract." Complaint, ¶7. While it is disputed that Plaintiff is a beneficiary of the contract, in the event Plaintiff is, its claim would be properly brought under ERISA.

Specifically, where a plaintiff is challenging the failure to pay benefits under an ERISA plan, the claim generally falls within ERISA. In *Davila*, "the Court concluded that the plaintiffs could have brought their claims under ERISA § 502(a)(1)(B) because they 'complain[ed] only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans' and could have resorted to their remedies under ERISA by filing a claim for benefits and/or seeking a preliminary injunction." *Connecticut State Dental Ass'n*, 591 F.3d at 1346 (citing *Davila*, 542 U.S. at 211-12); *See e.g.*, *Id*. (applying *Davila* while finding that ERISA completely preempted providers' state-law claims for breach of contract, breach of good faith and fair dealing, and unjust enrichment); *Borrero*, 610 F.3d 1296 (11th Cir. 2010) (applying *Davila* while finding that ERISA completely preempted physicians' state law claims for breach of contract where physicians alleged a failure to pay the proper contracted rate in violation of common and statutory law).

Here, the crux of Plaintiff's claim is whether Plan benefits are owed for medical services provided by Plaintiff to the Member. By asserting a right to payment, Plaintiff is challenging the way in which the ERISA Plan was administered by Anthem. Thus, as in *Davila*, Plaintiff's claim could have been brought under ERISA § 502(a), if Plaintiff is in fact a third-party beneficiary of the Plan (as it alleges).

With respect to the second inquiry set forth in *Davila*, Plaintiff has not alleged any other legal duty that supports its claim. Instead, Plaintiff bases its entire right to payment on the Plan. Complaint, ¶7 ("Pursuant to the insurance contract the Defendant was required to pay at 100% of

the Plaintiff's charges for medical care entered to K.T."); Complaint, ¶9 ("The Defendant breached the contract by failing to make the proper payments."). Further, as the Plan at issue is self-funded, it is not subject to state insurance regulations. *See FMC Corp. v. Holliday*, 498 U.S. 52 (1990) (holding that self-funded ERISA plans are not subject to the state insurance regulations); *America's Health Ins. Plan v. Hudgens*, 742 F.3d 1319 (11th Cir. 2014) (holding that state health insurance regulations are inapplicable to self-funded health plans and third party administrators).

Accordingly, based upon the claims pled in the Complaint – which are solely and fundamentally for breach of the ERISA-governed Plan – this case is preempted by ERISA and is properly removable.

## VI. Venue

The Miami-Dade Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending and is, therefore, the proper district to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, Miami-Dade is the proper division within the Southern District of Florida to which the case should be removed since Plaintiff alleges that its principal place of business is in Miami-Dade County and that the cause of action arose in Miami-Dade County. *See*, 28 U.S.C. §§ 1441(a), (e) & 1446(a); *See* Complaint, ¶2.

## VII. Timeliness of Notice Removal

Pursuant to 28 U.S.C. §1446(b), this removal is timely because Defendant has filed this Notice of Removal within thirty (30) days of receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim(s) for relief upon which such action or proceeding is based.

**VIII. State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendant is simultaneously filing copies of all process, pleadings, motions and orders existing on file in the Florida Circuit Court, for this removed action, including the Complaint. *See* Complaint, **Exhibit 2**; Summons and Service of Process Transmittal, Composite **Exhibit 3**.

**IX. Notice to State**

Defendant shall give written notice to all adverse parties and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida simultaneously with the filing of this Notice of Removal.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF on this 7th day of July 2021.

          **NELSON MULLINS BROAD AND CASSEL**
          *Attorneys for Defendant, Anthem, Inc.*
          One Financial Plaza
          100 S.E. 3rd Avenue, Suite 2700
          Fort Lauderdale, FL 33394
          Telephone: (954) 764-7060
          Fax: (954) 713-0969
          nina.welch@nelsonmullins.com
          Secondary Email:
          herold.labissiere@nelsonmullins.com

          By: */s/ Nina C. Welch*
              Nina C. Welch
              Fla. Bar No. 118900